# UNITED STATES DISTRICT COURT

__Eastern__ District of __Michigan__

UNITED STATES OF AMERICA
v.
Sean Edwards
_Defendant_

ORDER OF DETENTION PENDING TRIAL

Case Number: 14-20028

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  ☐ under 18 U.S.C. § 924(c).
☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☐ (1) There is a serious risk that the defendant will not appear.
☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☒ clear and convincing evidence ☒ a preponderance of the evidence that

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

1/29/2014
_Date_

_Signature of Judge_
U.S. Magistrate Judge Mona K. Majzoub
_Name and Title of Judge_

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 _et seq._); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 _et seq._); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Sean Edwards Order of Detention

Defendant is a 31 year old married but separated man who has three children whom he has not seen since 2008. He is unemployed. He has been living "on and off" with his mother for past two years in Flint, Michigan. Defendant has been held in custody at the Genesee County Jail since December 10, 2013, serving a sentence for violation of probation.

Defendant is charged by way of federal criminal indictment with Conspiracy to Commit Wire Fraud, Access Device Fraud, Aiding and Abetting, and Aggravated Identity Theft, Aiding and Abetting.

Defendant claims no assets, and his liabilities include $7500 in school loans, and an unknown amount in child support arrearages. As stated above, he owns no property and has been living with his mother and a girlfriend, on and off, prior to his latest incarceration.

Defendant admits to daily alcohol use, and regular cocaine and marijuana use.

Defendant's criminal record is remarkable in that he has never been able to comply with any conditions of bond, conditions of release, or court orders to appear. At the age of 17, he was convicted of Felony Stolen Vehicle and under HYTA was placed on three years probation on June 2, 2000, and ordered to serve sixty days confinements with work and school release. On 8/15/2001 a BENCH WARRANT ISSUED and on 10/07/2002 Defendant was arraigned on the warrant and released on bond. On 10/25/2002 a bench warrant was authorized due to Defendant's FAILURE TO APPEAR FOR SENTENCING on the Violation of Probation. Defendant subsequently appeared in court for arraignment on the bench warrant for CONTEMPT. Defendant was placed on a personal bond and the warrant was dismissed. Probation Violation Sentencing was then scheduled for 5/9/08 and Defendant FAILED TO APPEAR FOR HIS PROBATION VIOLATION SENTENCE. On 11/17/2008 Defendant was arraigned on the warrant and remanded to custody. Defendant was then released on a personal ond on 11/26/08. However on 1/16/2009 Defendant FAILED TO APPEAR BEFORE THE COURT FOR PROBATION VIOLATION SENTENCING. A bench warrant issued on 1/21/2009 and on 12/11/2013 Defendant appeared in court on the bench warrant for his FAILURE TO APPEAR FOR PROBATION VIOLATION SENTENCING. The warrant was dismissed and a new probation violation sentencing date was set; defendant was remanded with no bond. On 12/27/2013 Defendant's HYTA status was revoked. Defendant was ordered to serve 90 days, with credit for 16 days. PROBATION WAS TERMINATED WITHOUT IMPROVEMENT effective 1/16/2014.

On 10/02/2012 Defendant pled guilty to Giving a False Name, Address, or Birth Date to Law Enforcement; Theft of Services, and Criminal Trespass. He was sentenced to 24 months probation, sixty days confinement, and an $800 fine. According to his probation officer a warrant was issued on January 7, 2013, for FAILURE TO REPORT AS DIRECTED. This warrant remains active.

Defendant seeks a bond with conditions. Defendant's compliance with past conditions of supervision and probation has been dismal at best. When he failed to appear for a scheduled hearing on 10/14/2003 in Genesee County, a Show Cause Hearing was scheduled after a bench warrant was issued. Defendant did not appear on this warrant until five years later, on 4/18/2008.

Defendant is currently serving a sentence for violation of probation. He has repeatedly demonstrated that he has engaged in criminal activity while under supervision, and he has shown no compliance with Pretrial, Probation, Parole, or Supervised Release conditions in the past. Pretrial Services concludes that Defendant poses a risk of flight for the above reasons, and this Court agrees that a preponderance of the evidence establishes that Defendant poses a risk of flight.

Pretrial Services also concludes that Defendant poses a risk of danger to the community based upon the serious nature of the allegations in the instant indictment, in combination with his prior arrests and convictions, his substance abuse history, and his pattern of undeterred and continued criminal activity over time (fraud convictions in 2007 and 2012), notwithstanding his arrests, sentences, and incarcerations for multiple violations of court orders and conditions of supervision, and multiple failures to appear in courts in Michigan and Georgia when ordered. This Court finds that there is clear and convincing evidence that Defendant poses a danger to the community.

There is no condition or combination of conditions that would assure Defendant's appearance in Court or the safety of the community. Therefore Detention is Ordered.